IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNATHAN ROY RIDGE, #87414 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv273 |
| GREGG COUNTY SHERIFF, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Johnathan Roy Ridge, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, that was converted to a federal habeas proceeding pursuant 28 U.S.C. § 2241. This action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On July 22, 2022, the Court issued an Order for Petitioner to complete a standardized 28 U.S.C. § 2241 form for prisoners and return it to the Court within 30 days of receipt. (Dkt. #3). The Order was mailed to Petitioner at his last known address, which was the Gregg County Jail in Longview, Texas. On August 12, 2022, the Order was returned to the Court with the notations that it was undeliverable, and that Petitioner was "not at this facility." (Dkt. #4). Gregg County Jail Records reflect that Petitioner was released on July 19, 2022.[1] Petitioner is no longer confined within the Gregg County Jail.

On the second page of Petitioner's originally filed complaint, under "Change of Address," he was informed that the "[f]ailure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of

---

[1] http://beta.co.gregg.tx.us/OdysseyPA/JailingDetail.aspx?JailingID=432971, last visited August 16, 2022.

1

Civil Procedure." (Dkt. #1, p. 2). This requirement is also memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (*i.e.*, a P.O. Box is not acceptable) and is responsible for keeping the clerk advised in writing of the current physical address." As of today, Petitioner has not provided the Court with a new address. He has failed to prosecute this case.

The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980).

Recommendation

It is therefore recommended that Petitioner's habeas action be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 16th day of August, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE